COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: _WHITALL_ _RAYMOND_ _R_
     (Last)             (First)            (Middle Initial)

**FILED**

Prisoner Number: _G43090_

Institutional Address: _P. O. Box 1050_

                   _SOLEDAD CA 93960-1050_

FEB 19 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_RAYMOND WHITALL_
(Enter your full name.)

**CV 20 1259**

vs.

_California Department of corrections and_
_Rehabilitation; State of California; Monica_
_Armstrong; Hung Le; Veneecca Serna (conts/ p.4)_
(Enter the full name(s) of the defendant(s) in this action.)

Case No. _____
(Provided by the clerk upon filing)

**CRB**

COMPLAINT UNDER THE
Americans with Disabilities
42 U.S.C. § 12132; Rehabili-
tation Act, 29 U.S.C. § 794;
42 U.S.C. § 1983

**R**

## I. Exhaustion of Administrative Remedies.

_Note:_ _You must exhaust available administrative remedies before your claim can go_
     _forward. The court will dismiss any unexhausted claims._

A.   Place of present confinement _Salinas Valley State Prison_

B.   Is there a grievance procedure in this institution?   YES ☒    NO ☐

C.   If so, did you present the facts in your complaint for review through the grievance

     procedure?   YES ☒   NO ☐

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each

     level of review. If you did not pursue any available level of appeal, explain why.

        1. Informal appeal: _Not Available_

2. First formal level: _SVSP-SC-17000014, 11-28-17, Intervention; SVSP-HC-17000529,_
_1-8-18 No Intervention; SVSP-SC-18000052, 4-2-18 No Further Intervention; SVSP-HC-_
_18000365, 6-8-18 No Intervention; SVSP-HC-19000539, 7-3-19, No Intervention._

3. Second formal level: _SVSP-SC-17000014, 3-8-18, No Intervention; SVSP-HC-17000429,_
_4-3-18, No Intervention; SVSP-SC-18000052, 7-9-18 No Intervention; SVSP-HC-18000365,_
_9-7-18, No Intervention; SVSP-HC-19000539, 9-18-19, No Intervention._

4. Third formal level: _None Available: Under the new Health Care Appeal_
_system there are two levels of review; the Institutional Level and the_
_Headquarters Level._

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES ☒     NO ☐

F.   If you did not present your claim for review through the grievance procedure, explain why.

_Not Applicable_

## II.   Parties.

A.   Write your name and present address.  Do the same for additional plaintiffs, if any.

_Raymond Whitall, 643090 A3-116, P.O. Box 1050, Soledad, CA 93960._
_(Continued on Attached Complaint, Section II. Parties, p. 1.)_

B.   For each defendant, provide full name, official position and place of employment.

_California Department of Corrections and Rehabilitation, 1515 S. Street,_
_Sacramento CA 95814; State of California. (Continued on Attached_
_Complaint, Section II. Parties, p. 2.)_

## III.  Statement of Claim.

1

2    State briefly the facts of your case. Be sure to describe how each defendant is involved
and to include dates, when possible. Do not give any legal arguments or cite any cases or
statutes. If you have more than one claim, each claim should be set forth in a separate
3    numbered paragraph.

4    *Please see Attached complaints*

5

6

7

8

9

10

11

12

13

14

15

## IV.  Relief.

16

17    Your complaint must include a request for specific relief.  State briefly exactly what you
want the court to do for you. Do not make legal arguments and do not cite any cases or
statutes.
18    *Please see attached complaints*

19

20

21

22

23

24    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

25    Executed on: __3/4/2020__              _Raymond Whitfield_
                   Date                      Signature of Plaintiff


PRISONER COMPLAINT (rev 8/2015)
Page 3 of 4

1  Complaint By A Prisoner Under the Civil Rights Act, 42 U.S.C. § 1983
2  Names of defendants (continued from caption, p. 1)
3  Jasn Parker; Antony Kingethe; Reselle Baldonado, Milagro Carino, Cesario
4  Carino, Evelyn Vicente.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

p. 4 of 4

1 | Raymond Whitall
2 | SVSP G43090
  | P.O. Box 1050
3 | Soledad CA 93960

  | Plaintiff, pro se

4

5

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | Raymond Richard Whitall,                Case No.
   | Plaintiff
12 |                                         Complaint Under the Americans with
   |           v                            Disabilities Act, 42 U.S.C. §§ 12101 et seq,
13 | California Department of                and 12132; the Rehabilitation Act, 29 U.S.C.
   | Corrections and Rehabilitation,         § 794; and the Civil Rights Act, 42 U.S.C.
14 | et Al,        Defendants                § 1983

15 | I. Exhaustion of Administrative Remedies

16 | Plaintiff has exhausted all administrative remedies for all

17 | claims presented herein.

18 | II. Parties

19 | 1. Plaintiff, Raymond Whitall, is a state prisoner in the custody

20 | of the California Department of Corrections and Rehabilitation (CDCR)

21 | at Salinas Valley State Prison (SVSP) at Soledad, California.

22 | 2. The CDCR is a public agency of the State of California.

23 | 3. Monica Armstrong was at all times mentioned herein an

24 | employee of the CDCR in the capacity of Psychiatric Technician

25 | (PT) at SVSP.

26 | 4. Hang Le was at all times mentioned herein an employee of the

Whitall v. CDCR; Complaint

1 | Raymond Whitall
  | SVSP G43090
2 | P.O. Box 1050
  | Soledad CA 93960
3 |
  | Plaintiff, pro se
4 |

5 |

6 |

7 |

8 |                       UNITED STATES DISTRICT COURT

9 |                      NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | Raymond Richard Whitall,              Case No.

12 | Plaintiff                  )  Complaint Under the Americans with
                               )  Disabilities Act, 42 U.S.C. §§ 12101 et seq.,
13 |        v                  )  and 12132; the Rehabilitation Act, 29 U.S.C.
     California Department of   )  § 794; and the Civil Rights Act, 42 U.S.C.
     Corrections and Rehabilitation,  )  § 1983
14 |    et al,                  )
              Defendants       )

15 | I. Exhaustion of Administrative Remedies

16 |     Plaintiff has exhausted all administrative remedies for all

17 | claims presented herein.

18 | II. Parties

19 |     1. Plaintiff, Raymond Whitall, is a state prisoner in the custody

20 | of the California Department of Corrections and Rehabilitation (CDCR)

21 | at Salinas Valley State Prison (SVSP) at Soledad, California.

22 |     2. The CDCR is a public agency of the State of California.

23 |     3. Monica Armstrong was at all times mentioned herein an

24 | employee of the CDCR in the capacity of Psychiatric Technician

25 | (PT) at SVSP.

26 |     4. Hang Le was at all times mentioned herein an employee of the

Whitall v. CDCR; Complaint

1 | CDCR in the capacity of Psychiatric Technician (PT) At SVSP.

2 | 5. Vanessa Soria was At All times mentioned herein an employer of the
3 | CDCR in the capacity of Psychiatric Technician (PT) At SVSP.

4 | 6. Joan Parker was At All times mentioned herein an employer of the CDCR
5 | in the capacity of Psychiatric Technician (PT) At SVSP.

6 | 7. Antony Kangethe was At All times mentioned herein an employer
7 | of the CDCR in the capacity of Registered Nurse (RN) At SVSP.

8 | 8. Roselle Baldonado was At All times mentioned herein an employer
9 | of the CDCR in the capacity of Registered Nurse (RN) At SVSP.

10 | 9. Milagros Casino was At All times mentioned herein an employer of
11 | the CDCR in the capacity of Psychiatric Technician (PT) At SVSP.

12 | 10. Cesario Casino was At All times mentioned herein an employer
13 | of the CDCR in the capacity of Psychiatric Technician (PT) At SVSP.

14 | 11. Evelyn Vicente was At All times mentioned herein an employee of
15 | the CDCR in the capacity of Psychiatric Technician (PT) At SVSP.

16 | 12. All persons named As defendants are sued in their individual
17 | capacities, and At their business Address of California Department of
18 | Corrections and Rehabilitation, 1515 S Street, Sacramento CA 95814.

19 | III. Statement of Claim

20 | A. Facts:

21 | 1. Plaintiff is an individual with A disability pursuant to 42 U.S.C.
22 | §12102(1);

23 | A) Plaintiff was diagnosed by CDCR staff with A hearing
24 | impairment requiring the constant use of hearing Aids At around
25 | August, 2013;

26 | b) Plaintiff's hearing impairment has been continuous

Whitall v. CDCR; Complaint

2

1   and uninterrupted from August, 2013 and through to the present;

2      c) The CDCR provided plaintiff with hearing aids in or and

3   August, 2013;

4      2. Plaintiffs hearing impairment creates an inability to hear and

5   effectively communicate without properly functioning hearing aids. As a

6   result plaintiff is unable to fully participate in and derive the benefit of

7   programs, services, activities provided by the CDCR;

8      3. With properly functioning hearing aids plaintiff is able to pro-

9   perly and effectively hear and communicate, and do fully participate in

10   and derive the benefit of programs, services, activities provided by the CDCR;

11      4. The CDCR considers plaintiff as having a qualified disability of

12   Hearing Impaired and has him enrolled in their Disability Placement

13   Program since about August, 2013, with a "DPH" designation which signi-

14   fies plaintiff is hearing impaired. Defendants, each and every one, at

15   all times mentioned herein, were aware of plaintiffs hearing im-

16   pairment;

17      5. For several periods of time defendants deprived plaintiff of

18   the use of functioning hearing aids as explained below;

19      6. For several periods of time plaintiff was unable to partici-

20   pate in programs, services, activities of CDCR as other, non-disabled,

21   prisoners could because he did not have functioning hearing aids;

22      7. Except for the fact that plaintiff was deprived of func-

23   tioning hearing aids as explained below, plaintiff would have

24   been able to participate in the programs, activities, and services

25   of the CDCR as do other, non-disabled, prisoners;

26

Whitsell v CDCR; Complaint

1

3

8. Only because of his hearing impairment coupled with his deprivation of functioning hearing aids Plaintiff was unable to participate in and benefit from the programs, activities, services of CDCR As other, non-disabled, prisoners could, and as explained below;

9. Hearing Aids Batteries Deprivation:

On September 13, 2017, while in administrative segregation in Building Z-9, Plaintiff's hearing aid batteries died rendering Plaintiffs hearing aids inoperable.

On September 13, 2017, I attended a committee meeting with approximately ten staff present. I announced to the assembly that my hearing aid batteries were dead and my hearing aids were not working. This was a mental health committee and defendant Monica Armstrong, as a Psychiatric Technician, was present during this meeting. I informed defendant Armstrong of my need for replacement batteries. Several hours later, during the medication distribution when defendant Armstrong was at my cell she did not have and did not provide to me the batteries I earlier requested and needed. On September 20, 2017, my mental health clinician informed defendant Armstrong that I needed replacement batteries for my hearing aids. Several hours later, during the medication distribution when defendant Armstrong was at my cell she again failed to provide to me the batteries requested by my clinician and which I had needed since September 13, 2017. According to Unit Supervisor R. Rios, defendant Armstrong denied ever having been informed of my need for batteries.

Whitall v. CDCR; Complaint

4

On September 13, 2017, during medication distribution, I asked defendant Jenn Parker, PT, to provide me with replacement hearing aid batteries as mine were dead. Defendant Parker failed to provide me with any batteries. I next saw defendant Parker on September 17, 2017, during medication distribution, and she still did not provide me with the batteries I had requested on September 13, 2017, and which I still needed.

On September 14, 2017, during his daily welfare check, I asked defendant Milagros Carino, PT, to provide me with replacement hearing aid batteries. I believe I explained to defendant Milagros Carino that it was my second day without batteries for my hearing aids. Defendant Milagros Carino failed to provide me with any batteries even hours later when he was at my cell during medication distribution.

On September 15, 2017, defendant Vanessa Soria, PT, conducted a morning welfare check on me, at which time I asked defendant Soria to provide me with hearing aid batteries and explaining to her that I had been without batteries for three days. When defendant Soria returned to my cell several hours later during medication distribution she failed to provide me with the batteries I had earlier requested. On September 18, 2017, during her morning welfare check of me, defendant Soria still did not provide me with the replacement batteries I had requested on September 15, 2017. During the September 18, 2017, welfare check I renewed my request for the batteries. Defendant Soria never provided me with the batteries I needed and requested.

Whitall v. CDCR; Complaint

5

1  On September 16, 2017, during medication distribution, I asked
2  defendant Hang Le, PT, to provide me with replacement hearing aid
3  batteries, informing her that mine were dead. Defendant Le failed
4  to provide me with batteries. On September 18, 2017, when I next
5  saw defendant Le she still did not have and still failed to provide
6  me with the batteries I needed. I renewed my request to her for
7  hearing aid batteries. Defendant Le did not return to my cell that
8  evening to provide me with batteries. On September 19, 2017, I
9  encountered defendant Le during medication distribution and she
10 still failed to provide me with the batteries I had requested and
11 still needed. I renewed my request to PT Le for batteries, and I
12 believe it was during this encounter with defendant Le when
13 I pointed out to her that the prison clinic (CTC/TTA) is
14 right across the street and about a two-minute walk away
15 and that after all these days it seemed that someone could
16 have made that walk to get me batteries. On September
17 19, 2017, defendant Le again appeared at my cell for medi-
18 cation distribution, and she again failed to provide me with
19 the batteries I had requested and still needed. [1]

20 On September 16, 2017, during her welfare check of me, I
21 asked defendant Evelyn Vicente to provide me with replace-
22 ment hearing aid batteries, telling her that mine were dead.
23 Defendant Vicente failed to provide me with hearing aid batteries
24 on that date. On September 17, 2017, Defendant Vicente, PT, again
25 conducted the daily welfare check on me, and she again failed
26 to provide me with the batteries I had requested and needed.

1—This sentence is an error and should be disregarded

Whitall v. CDCR; Complaint

6

1  Although I believe I did not renew my request with defen-
2  dant Vicente during this September 17 encounter, I did tell
3  her the clinic is right across the street and that some-
4  one should be able to walk over there and get the bat-
5  teries I need. Despite my suggestion, defendant Vicente did
6  not return with and failed to provide me with the batteries
7  I needed. On September 20, 2017, defendant Vicente again
8  conducted the welfare check on me and again she failed to
9  provide me with the batteries I had previously requested
10 and still needed.

11     On September 19, 2017, defendant Cesario Cavino conducted
12 the daily welfare check on me. During this encounter I told
13 defendant Cesario Cavino that my hearing aid batteries had
14 died and that I had been without the use of my hearing
15 aids for a week. I requested that he get me replacement
16 batteries. Defendant Cesario Cavino did not return with batteries
17 for me. Defendant Cesario Cavino failed to provide me with the
18 batteries I needed and had requested.

19     On September 19, 2017, I was taken to the prisons emergency
20 room (TTA). There, I encountered defendant Roselle Baldonado, RN,
21 who was preparing me for transport to the local community hospi-
22 tal. During this process defendant Baldonado inquired of me about
23 my possessing my hearing aids. I informed her that my batteries
24 had died a week ago and I am not using any hearing aids.
25 Defendant Baldonado informed me that she would supply me with
26 batteries and she would have them waiting for me when I return

Whitsell v. CDCR; Complaint

7

1 from the hospital. When I returned from the hospital
2 several hours later there were no batteries waiting for me.
3 Defendant Baldonado failed to provide me with the batteries
4 I needed.

5     On September 19, 2017, I returned to the TTA following
6 my trip to the local community hospital. At the TTA I
7 encountered defendant Antony Kangethe, RN, who processed me
8 in to the prison pursuant to procedure. At this time I asked
9 defendant Kangethe for the batteries defendant Baldonado
10 said she would have waiting for me. Defendant Kangethe said
11 he is unaware of any such batteries. I then told him that
12 I had been without batteries for a week, and I asked him
13 to provide me with hearing aid batteries. Defendant Kangethe
14 seemed to ignore my explanation and request. Defendant
15 Kangethe failed to provide me with the batteries I requested
16 and needed.

17     In all, between September 13 and September 20, 2017, inclusive,
18 I was forced by the CDCR and its staff — the defendants — to try
19 to function in an administrative segregation (ad-seg) setting for
20 eight days in a state of inability to effectively hear and
21 comprehend that which was happening which effected me. Due
22 to the acts and omissions of the defendants I was largely unable
23 to effectively function in that ad-seg setting because I did
24 not have functioning hearing aids.

25     During this period of time I was unable, periodically, to
26 comprehend when activity concerning me was occurring   within

1  this Adseg setting. These activities included obtaining needed

2  supplies, attending out-of-cell recreation, obtaining clothing and,

3  of course, unknown activities of which I am still not, or may

4  not be aware.

5      During this period of time I was forced to participate in

6  a committee meeting without the assistance of my hearing aids,

7  a medically-necessary assistive device.

8      During this period of time I was forced to submit to a

9  polygraph examination without the benefit and assistance

10  of my hearing aids.

11      During this committee meeting and polygraph examination

12  I was emotionally distressed over my worry that I would

13  miss something of vital importance, or misconstrue something

14  said do me.

15      On one occasion during this eight-day period without

16  the use of my hearing aids I was criticized and yelled at

17  by a guard for yelling at one of the PTs. In fact, I was not

18  yelling at anybody, I was merely talking loud and I believe

19  I was doing so because I could not even hear myself and

20  the volume of my voice.

21      On September 19, 2017, I filed a grievance over the deprivation

22  of hearing aid batteries. This grievance (602) was received by the

23  Health Care Grievance Office on the morning of September 21, 2017.

24  Well before noon on September 21, 2017, two guards and a

25  person I presumed do be a nurse appeared at my cell and

26  the nurse asked me what size hearing aid batteries I need.

Whitall v. CDCR; Complaint

9

1   I told her I need size 13 batteries. She and the guards
2   departed and just minutes later the nurse was back at my cell
3   door and she provided me with two fresh batteries for my hearing
4   aids.

5       At around noon on September 21, 2017, RN Llamas, the 602
6   triage nurse, appeared at my cell door inquiring as to my receipt
7   of batteries. After some discussion RN Llamas (not a defendant)
8   encouraged me to withdraw my 602. I declined.

9       My 602 was eventually investigated as a staff complaint.
10  During the investigation non-defendant R. Rios, Unit Supervisor,
11  interviewed every PT on duty in Z-9 between September 13
12  And September 20, 2017, According to what R. Rios told me.
13  She also told me that every PT denied having been told that
14  I needed batteries for my hearing aids.

15  10. Hearing Aids Malfunction #1:
16      On December 11, 2017, my left hearing aid malfunctioned to the
17  extent that it would not produce any sound into my ear. I submitted
18  a Health Care Services Request Form (7362) on December 11, 2017,
19  and I was seen relative to that 7362 on December 12, 2017,
20  by LVN Christine Sevier.[1]

21      During this examination I informed LVN Sevier of my malfunc-
22  tioning hearing aid. She told me she will refer the matter to the
23  doctor. I asked LVN Sevier if I could be provided with a
24  temporary replacement hearing aid. She advised me there is no
25  such a thing.

26      By January 17, 2018, when I had yet to be seen by a doctor

1-LVN = Licensed Vocational Nurse

Whitall v. CDCR; Complaint

1 for this issue I submitted another 7362. For this 7362 I was
2 seen on January 18, 2018, by LVN Milikere Naivalu (a non-defen-
3 dant) and also by RN Ono (a non-defendant) who advised me
4 a referral to radiology would be made. I explained to both
5 the LVN and the RN that I am physically attending my mental
6 health therapy groups, but that I am unable to participate in
7 the group discussions because I am not able do hear and com-
8 prehend the discussion taking place around me for lack of the
9 hearing aid. My left ear is where I am afflicted with
10 severe hearing loss as opposed to only moderate hearing loss in my
11 right ear. Nurse Ono advised me to advise my clinician of
12 my inability to participate. I requested of these nurses a
13 temporary replacement hearing aid and RN One said I can
14 not have one. I took this to mean I could not have one
15 because there is no such a thing, as I was previously told by
16 LVN Server (a non-defendant).
17     I remained without a fully functioning pair of hearing
18 aids from December 11, 2017, through February 22, 2018,
19 finally being issued two new hearing aids on February 23,
20 2018.
21     For this 74-day period CDCR staff was unable to provide
22 temporary replacement hearing aids to me because, I am informed
23 by health care staff, the CDCR has no such a thing.
24     For this 74-day period I continued to attend my
25 mental health therapy groups. Despite attending my groups
26 I was unable to effectively participate in the group discussions.

Whitall v. CDCR; Complaint

16

1  During this time I was receiving extensive mental health
2  treatment at the Extended Outpatient Program level of
3  care, the CDCR's highest level of mental health care which
4  entails multiple mental health therapy groups on a daily
5  basis and which resulted from a mental health crisis I
6  had previously experienced.

7     On multiple occasions I advised the group facilitators (RT)
8  of my hearing aid problem, and told them I would do my best
9  to participate. I was unable to participate effectively because
10  I could not keep up with the conversations. After a while I
11  ceased trying to participate as it became too frustrating.

12     On January 30, 2018, my primary mental health clinician and
13  non-defendant Beth Fischgrund, Ph.D. (PC) interviewed me and
14  advised me she had spent an hour on the phone with health
15  care staff to determine the cause of the delay in getting
16  my hearing aid fixed. She advised me she was told by
17  someone associated with the "Institutional Utilization
18  Management Committee"? that the audiologist came to SVSP
19  only once a month. By that schedule it seems I should have
20  been seen by the audiologist in January since I was examined
21  first in the middle of December.

22     During this period of time, and due to the fact that I
23  was not provided with functioning hearing aids which prevented
24  me from effectively and fully participating in my mental health
25  therapy groups, I was frustrated at not being able to
26  participate, and I was embarrassed at my inability to respond

Whitall v. CDCR, Complaint

12

1  to group participants when addressed by them.

2      During this period of time the CDCR and its employers

3  made no effort to provide me with the medically-necessary

4  assistive devices I required to participate in the programs, activities,

5  services as other, non-disabled, prisoners could. I was unable, during

6  this period of time, to participate in these programs, services, activities

7  of the CDCR, and unable to benefit from these programs, activities,

8  services of the CDCR as other, non-disabled, prisoners could

9  because the CDCR did not provide me with the medically-

10  necessary assistive devices I required.

11      11. Hearing Aids Malfunction #2:

12      On about April 10, 2018, my left hearing aid broke into two

13  pieces, rendering it unusable. I submitted a 7362 and I was soon

14  examined and referred to the audiologist. During the examina-

15  tion on April 17, 2018, conducted by LVN Naituku, I requested

16  of LVN Naituku a replacement temporary hearing aid. I told

17  her of my previous experience of difficulty participating in

18  my mental health groups without two functioning hearing aids.

19  LVN Naituku advised me there are no temporary hearing aids

20  and that I would need to await the appointment with the

21  audiologist.

22      On about June 14, 2018, the audiologist provided me with a

23  new left hearing of a different make and model than the broken

24  hearing aid. He provided this hearing right out of box, without

25  a hearing test, and without the need to perform any adjustment

26  to the hearing aid; simply, from the package into my ear.

Whitell v. CDCR; Complaint

1  On about July 11, 2018, the audiologist provided me with a
2 right hearing aid of a different make and model than my
3 then-present right hearing aid. Again, this hearing aid was
4 provided to me straight out of the box to my ear without
5 testing or adjustment. Apparently this audiologist, who was
6 a different audiologist from the previously-contracted audi-
7 ologist who provided my previous set of hearing aids, had no
8 need to conduct any sort of testing of me or adjustment of
9 the hearing aids to fit my particular hearing impairment
10 needs as he never examined me, tested me, nor made any
11 adjustments to the devices he provided to me and which
12 work just fine for me.

13  Because of this, I have decided that the CDCR could
14 have had on hand and available to me a temporary (or even
15 permanent) replacement hearing aid to provide to me. If no
16 pre-testing of me, nor pre-adjustment of the hearing aid
17 given to me was necessary then the policies, practices, and
18 procedures of the CDCR to require me to wait to see
19 the contracted audiologist before receiving a replacement
20 hearing aid would be misguided.

21  Between April 10 and June 14, 2018, I was again unable to
22 fully participate in my EOP mental health therapy groups to
23 the extent that I could not derive the full benefit of
24 this therapy as could other, non-disabled, prisoners. During
25 this time I was again frustrated and embarrassed over my
26 inability to participate in my groups.

Whitfall v. CDCR; Complaint

14

12. During my hearing aid malfunction periods I was unable to fully participate in the programs, services, activities of CDCR including library, yard activity (recreation), and dayroom activity (recreation and showers) as could other, non-disabled, prisoners.

B. Injuries:

Plaintiff suffered the following injuries as the direct result of the acts and omissions of defendants:

1. Violation of his rights and protections under the United States Constitution's Eighth and Fourteenth Amendments;

2. Violation of his rights and protections under the Americans with Disabilities Act, as contained within 42 U.S.C. §§ 12161 et seq.;

3. Violation of his rights and protections under the Rehabilitation Act, as contained within 29 U.S.C. 5794;

4. Emotional and physical distress;

5. Mental health impairment.

C. Contentions:

1. The CDCR's policies, procedures, and practices prevented plaintiff from fully participating in and deriving the benefit of CDCR programs, services, activities, as other, non-disabled, prisoners could;

2. The acts and omissions of defendants prevented plaintiff from fully participating in and deriving the benefit of CDCR programs, services, activities, as other, non-disabled, prisoners could;

3. But for the CDCR's policies, procedures, and practices, and the acts and omissions of the defendants, plaintiff would have been able to fully participate in and derive the benefit of CDCR programs, services, activities as do other, non-disabled prisoners;

4. Defendants Armstrong, Le, Soria, Parker, Milagres Canino, Cesario Canino, Baldonado, Vicente, and Kangethe were deliberately indifferent to my need for hearing aid batteries and my inability to properly hear without them; as such, they inflicted cruel and unusual punishment upon me in violation of the U.S. Constitution's Eighth Amendment;

5. The acts and omissions of defendants Armstrong, Le, Soria, Parker, Milagres Canino, Cesario Canino, Baldonado, Vicente, Kangethe, and the CDCR violated plaintiff's rights and protections under the U.S. Constitution's Fourteenth Amendment, and/or the ADA, and the RA;

6. Defendants Armstrong, Le, Soria, Parker, Milagres Canino, Cesario Canino, Baldonado, Vicente, and Kangethe were acting under color of state law at all times mentioned herein;

7. Defendants, each and every one, at all times where they are mentioned herein, created, fostered and allowed for the inappropriate, and cruel and unusual care, treatment, and punishment of plaintiff;

8. The acts, omissions, policies, procedures, and practices of defendants, each and every one, contributed to and proximately caused the injuries to plaintiff as delineated herein;

IV. <u>Prayer for Relief</u>

Plaintiff requests this Court enter judgment against defendants and grant the following:

1. Compensatory damages against the CDCR;

2. Compensatory damages against defendants Armstrong, Le, Soria, Parker, Milagres Canino, Cesario Canino, Baldonado, Vicente, and Kangethe,

Whitfall v. CDCR; Complaint

16

1  jointly and severally, in an amount to be determined, for violation
2  of plaintiff's U.S. Constitution Eighth Amendment rights and
3  protections;

4      3. Punitive damages against defendants Armstrong, Le, Soria,
5  Parker, Milagres Carino, Cesario Carino, Baldonado, Vicente, and
6  kangethe, jointly and severally, in an amount to be determined,
7  for violation of plaintiff's U.S. Constitution Eighth Amendment
8  rights and protections;

9      4. Compensatory damages against defendants Armstrong, Le,
10 Soria, Parker, Milagres Carino, Cesario Carino, Baldonado, Vicente, and
11 Kangethe, jointly and severally, in an amount to be determined, for
12 violation of plaintiff's U.S. Constitution Fourteenth Amendment
13 rights and protections;

14     5. Punitive damages against defendants Armstrong, Le, Soria,
15 Parker, Milagres Carino, Cesario Carino, Baldonado, Vicente and kangethe,
16 jointly and severally, in an amount to be determined, for violation
17 of plaintiff's U.S. Constitution Fourteenth Amendment rights and
18 protections;

19     6. Compensatory damages against defendants Armstrong, Le, Soria,
20 Parker, Milagres Carino, Cesario Carino, Baldonado, Vicente, and
21 kangethe, jointly and severally, in an amount to be determined, for
22 the negligent and intentional infliction of emotional distress upon
23 plaintiff;

24     7. Punitive damages against defendants Armstrong, Le, Soria,
25 Parker, Milagres Carino, Cesario Carino, Baldonado, Vicente, and
26 kangethe, jointly and severally, in an amount to be determined, for

Whitall v. CDCR; Complaint

17

1  the negligent and intentional infliction of emotional distress upon
2  plaintiff;

3      8. Any other relief deemed appropriate.

4

5  I, Raymond Whitall, declare under penalty of perjury that the foregoing
6  is true and correct except as to matters stated on information and belief,
   and as to those matters I believe them to also be true. Executed at
7  Soledad California.

8  Respectfully Submitted,                    Executed On: February 4, 2020

9  Raymond Whitall

10

11  Raymond Whitall
    Plaintiff, pro se
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Whitall v. CDCR; Complaint

18