UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RICHARD WHITALL, G43090,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendant(s). | Case No. 20-cv-01259-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Raymond Richard Whitall, a prisoner at Salinas Valley State Prison (SVSP) and frequent litigant in federal court, has filed a pro se complaint under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. (ADA), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (RA), seeking damages from the California Department of Corrections and Rehabilitation (CDCR) and several psychiatric technicians and nurses at SVSP in connection with various mishaps regarding his hearing aids.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA against a public entity, a plaintiff must allege that: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Section 504 of the RA provides that "[n]o otherwise qualified individual with a disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). To state a claim under Section 504 of the RA, a plaintiff must allege that: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in a program or activity; (3) the program or activity receives federal financial assistance; and (4) he was discriminated against on the basis of his disability. See Bonner v. Lewis, 857 F.2d 559, 562-63 (9th Cir. 1988); see also Olmstead v. Zimring, 527 U.S. 581, 589-90 (1999) (essentially same showing required to state a claim under Section 504 of RA as to state a claim under Title II of ADA).

B.   Legal Claims

Plaintiff alleges that on September 13, 2017 the batteries in his hearing aids died. He alerted several psychiatric technicians and nurses he ran into during the next several days but none

1  of them got him batteries for his hearing aids.  On September 19, 2017, plaintiff filed a grievance
2  regarding the batteries and two days later, on September 21, 2017, he received new batteries for
3  his hearing aids.  Plaintiff claims that during the eight-day period he was without batteries for his
4  hearing aids he was unable to participate fully in facility programs and activities.

5        Plaintiff next alleges that on December 11, 2017 his left hearing aid stopped working.  He
6  submitted a health care services request form and was referred to audiology.  But the nurses who
7  saw him made clear that they could not provide him a temporary replacement left hearing aid and
8  that he would have to wait for audiology.  On February 23, 2018, audiology provided plaintiff a
9  new pair of hearing aids.  Plaintiff claims that during the 74-day period he was without two fully
10 functional hearing aids because CDCR nursing staff could not provide him a temporary
11 replacement he was unable to participate fully in facility programs and activities.

12       Plaintiff finally alleges that on April 10, 2018 his left hearing aid broke into two pieces
13 rending it unusable.  He submitted a health care services request form and was referred to
14 audiology.  But the nurse who saw him this time again made clear that they could not provide him
15 a temporary replacement left hearing aid and that he would have to wait for audiology.  On June
16 14, 2018, audiology provided plaintiff a new left hearing aid of a different make and model than
17 the broken left hearing aid and, on July 11, 2018, provided plaintiff a new right hearing aid to
18 match.  Plaintiff claims that during the time period between April 10, 2018 and June 14, 2018
19 when he was without two fully functional hearing aids because CDCR nursing staff could not
20 provide him a temporary replacement he was unable to participate fully in facility programs and
21 activities.

22       Plaintiff seeks damages under 42 U.S.C. § 1983, Title II of the ADA and Section 504 of
23 the RA from the individual psychiatric technicians and nurses at SVSP he alleges did not get him
24 batteries for his hearing aids and from CDCR.

25       The individual psychiatric technicians and nurses plaintiff names in this action – Monica
26 Armstrong, Hang Le, Vanessa Soria, Joan Parker, Anthony Kangethe, Rosselle Baldonado,
27 Milagros Carino, Cesario Carino and Evelyn Vicente – are entitled to dismissal of any claim for
28 damages under § 1983 brought against them in their individual capacities for violations of Title II

1  of the ADA or Section 504 of the RA because it is well established that a plaintiff "cannot bring
2  an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate
3  rights created by Title II of the ADA or section 504 of the Rehabilitation Act." Vinson v. Thomas,
4  288 F.3d 1145, 1156 (9th Cir. 2002). Nor can the individual psychiatric technicians and nurses be
5  sued in their individual capacities for damages directly under Title II of the ADA or Section 504
6  of the RA. "Title II provides disabled individuals redress for discrimination by a 'public entity.'
7  See 42 U.S.C. § 12132. That term, as it is defined within the statute, does not include individuals.
8  See 42 U.S.C. § 12131(1)." Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir.
9  1999) (en banc). In fact, neither Title II of the ADA nor Section 504 of the RA provides for
10 individual liability. See C.O. v. Portland Public Schools, 406 F. Supp. 2d 1157, 1172 (D. Or.
11 2005) (individual defendants may not be sued in their individual capacities for damages under
12 Title II of ADA or Section 504 of RA because neither statute provides for individual liability).
13 Plaintiff's claims for damages from the individual psychiatric technicians and nurses are limited to
14 his § 1983 claim that these defendants' failure to get him batteries for his hearing aids amounted to
15 an Eighth Amendment violation.

16 A prison official violates the Eighth Amendment only if two requirements are met: (1) the
17 deprivation alleged is sufficiently serious, and (2) the prison official's offending conduct was
18 wanton. Farmer v. Brennan, 511 U.S. 824, 834 (1994). If a prisoner alleges that the conditions of
19 confinement inflict unnecessary suffering upon him, as plaintiff does here, to establish wantonness
20 he must show that the prison official was deliberately indifferent to his suffering. See, e.g., id. at
21 837 (prisoner safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (prisoner health). A prison
22 official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious
23 harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at
24 837. Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id.
25 at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived
26 but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838.

27 Although regrettable, plaintiff's allegations that he alerted the named individual psychiatric
28 technicians and nurses that the batteries in his hearing aids had died and none of them went and

4

got him batteries amount to no more than a clam for negligence or gross negligence not cognizable under § 1983. See id. at 835-36 & n.4. After all, plaintiff was given new batteries for his hearing aids less than two days after he filed a health care grievance requesting them. Plaintiff's suggestion that the individual psychiatric technicians and nurses "should have" perceived a significant risk to his health and safety and intervened sooner illustrates that his claim sounds in classic negligence or gross negligence, rather than deliberate indifference. Accord Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (claims stemming from alleged delays in administering pain medication and providing replacement crutch did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (claims stemming from alleged failure to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains did not amount to more than negligence).

Plaintiff's claims for damages against CDCR also fail. It is well established that plaintiff cannot bring a claim for damages under § 1983 against CDCR (or CDCR employee in his/her official capacity) because, as a state agency, CDCR is entitled to Eleventh Amendment immunity from damages. See Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (CDCR entitled to 11th Amendment immunity from damages). And a claim for damages under Title II of the ADA or Section 504 of the RA may be brought against CDCR (or arguably a CDCR supervisory employee in his/her official capacity) only in cases of intentional discrimination, see Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998) (no monetary damages under Title II of ADA or Section 504 of RA absent intentional discrimination), and this is not such a case.

To show discriminatory intent under Title II of the ADA or Section 504 of RA, a plaintiff must establish deliberate indifference by the public entity. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference in this context requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately

1 failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40.

2 The gravamen of plaintiff's ADA and RA claims for damages against CDCR is that "CDCR could have had on hand and available to me a temporary (or even permanent) replacement hearing aid to provide me." Compl. (ECF No. 1) at 14. But that CDCR "could have" or "should have" had a different policy or practice in place and immediately provided replacement hearing aids amounts to no more than possibly negligence, not deliberate indifference, by CDCR. This is not enough as a matter of law to state a claim for damages under ADA or RA against CDCR. Cf. Duvall, 260 F.3d at 1140 (public entity's mere negligence in duty to act insufficient to establish deliberate indifference by public entity and support claim for damages against public entity).

## CONCLUSION

For the foregoing reasons, plaintiff's complaint for damages under 42 U.S.C. § 1983, Title II of the ADA and Section 504 of the RA is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: June 29, 2020

_____
CHARLES R. BREYER
United States District Judge